IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GINA MARIE LAUSIN, et al., | ) | CASE NO. 1:07-CV-1231 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| NATHAN BISHKO, et al., | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |

This matter is before the Court on an "Objection to Removal" (ECF Document #4) filed by Defendants Nathan Bishko, Terry Wallace, Walter Calinger and Richmond Heights Local School District Board (collectively "School Defendants"). For the purposes of this opinion, this Court will treat Defendants' Objection to Removal as a Motion to Remand. The Motion is opposed by Defendants Michael Gerl, Denise DeBiasi, and the City of Richmond Heights Police Department (collectively "Richmond Heights Defendants") (ECF Document #6). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the Motion to Remand is hereby GRANTED.

### Factual and Procedural Background

On March 21, 2007, Plaintiffs Gina Marie Lausin and Sharon Lausin (collectively,

Plaintiffs) filed a Complaint ("the Complaint") in the Court of Common Pleas of Cuyahoga County, Ohio (Case No. CV 07 619361). The Complaint alleges claims against the following Defendants: Nathan Bishko, Dean of Students at Richmond Heights High School; Terry Wallace, Principal of Richmond Heights High School; Walter Calinger, Superintendent of Richmond Heights Local Schools; Richmond Heights Board of Education; the Richmond Heights Police Department; and Michael Gerl and Denise Debiasi, officers of the Richmond Heights Police Department.

The Complaint asserts the following sequence of events and violations, which are merely allegations and are not findings of fact by this Court: On March 21, 2006 Defendants Nathan Bishko, Terry Wallace, and/or Walter Calinger suspected Plaintiff Gina Marie Lausin of writing a threatening racial slur on the bathroom wall at Richmond Heights High School and notified Richmond Heights Police Department. Defendants Michael Gerl and Denise Debiasi took Plaintiff Gina Marie Lausin into custody and interrogated her allegedly in violation of her constitutional rights while denying Plaintiff Sharon Lausin, mother of Plaintiff Gina Marie Lausin, access to her daughter. As a result of the interrogation Plaintiff Gina Marie Lausin allegedly gave a false confession. Subsequent to the interrogation, some or all of the Defendants allegedly recklessly notified news media that Plaintiff Gina Marie Lausin had confessed, and Defendants Terry Wallace and Nathan Bishko conducted a hearing at the Richmond Heights Police Department, which resulted in Plaintiff Gina Marie Lausin's suspension from school. In April, 2006 Defendant Walter Calinger expelled Plaintiff Gina Marie Lausin, a decision that was affirmed by Defendant Richmond Heights Board of Education in February, 2007.

Defendants Michael Gerl and Denise DeBiasi also caused a juvenile criminal complaint

to be filed against Plaintiff Gina Marie Lausin. Plaintiffs claim that as a result of the Defendants' actions individually, in concert or collectively, Plaintiffs suffered emotional trauma, damage to their reputations, and loss of standing within their community. Further, Plaintiffs claim they were required to expend money for legal counsel and witnesses to represent and defend them in expulsion hearings and juvenile court matters. Finally, Plaintiffs claim they were improperly caused to pay for a suitable educational alternative.

Service of the Complaint on Richmond Heights Defendants was effective on March 30, 2007, and Richmond Heights Defendants filed an answer in state court on April 24, 2007. School Defendants filed a Stipulated Leave to Plead and Notice of Change of Address on May 1, 2007. The state court granted School Defendants' Stipulated Leave to Plead on May 9, 2007, and on May 22, 2007 they filed a timely answer. Richmond Heights Defendants filed a timely Notice of Removal on April 25, 2007, after which School Defendants filed an Objection to Removal, aka Motion to Remand, on May 16, 2007. Also on May 16, 2007, Plaintiffs and School Defendants submitted Joint Stipulations, which aver that no state constitutional claim and no federal claims have been asserted against School Defendants. On May 22, 2007, Richmond Heights Defendants filed a Memorandum in Opposition to Objection to Removal and motioned to file an Amended Notice of Removal, which was granted by this Court on May 29, 2007. The Amended Notice of Removal was filed with the Motion for Leave to Amend on May 22, 2007.

Richmond Heights Defendants assert that removal is appropriate pursuant to 28 U.S.C. §1441(a) and (b) because it involves an action over which this Court has original jurisdiction. Specifically, Plaintiffs allege that Gina Marie Lausin was detained and interrogated in violation of her constitutional rights under the State of Ohio and United States Constitutions. This action

is one within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Furthermore, Richmond Heights Defendants argue that because a "separate and independent" federal claim has been asserted against them and not against School Defendants, they are entitled to removal without School Defendants' consent.

In their Motion to Remand, School Defendants argue that removal is improper because, generally, all defendants must join in the notice of removal, and the failure of one defendant to join in the notice precludes removal.

## Analysis

### a. All Parties Must Consent to Removal Unless a Separate and Independent Federal Claim Has Been Asserted

Normally, all defendants who have been served or otherwise properly joined in an action must join in the removal or file a written consent to the removal. *Kralj v. Byers,* 2006 U.S. Dist. LEXIS 16404, 4 (N.D. OH 2006) (quoting *Harper v. AutoAlliance Intern. Inc.,* 392 F.3d 195, 201 (6th Cir. 2004)(internal citations omitted). Three exceptions exist to the general rule that all defendants must join or consent. "'[These] exceptions apply when: 1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; 2) the non-joining defendant is merely a nominal or formal party; and 3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)).'" *Id* at 5 (quoting *Hicks v. Emery Worldwide, Inc.,* 254 F. Supp. 2d 968, 970 n.4 (S.D. Ohio 2003)). "If removal is based on the presence of a separate and independent claim...only those defendants who are defendants to the removable claim must join in the removal notice." 16-107 Moore's Federal Practice - Civil § 107.11.

Plaintiffs claim that Richmond Heights Defendants' interrogation of Gina Marie Lausin violated Lausin's federal constitutional rights. Richmond Heights Defendants assert that this constitutional claim is separate and independent from the remaining state law claims contained in the Complaint. Conversely, by insisting on remand based on lack of unanimity of consent, School Defendants aver that the constitutional claim is pendent to the remaining state law claims and not a separate and independent cause of action. Whether or not School Defendants' consent is required in order for removal to be valid is therefore contingent upon whether Plaintiffs' constitutional claim against Richmond Heights Defendants is "separate and independent" within the meaning of 28 U.S.C. § 1441(c).

**b. The Federal Question Claim Against Richmond Heights Defendants Is Not Separate and Independent Within the Meaning of 28 U.S.C. 1441(c)**

In analyzing whether a removal brought under 1441(c) may stand, the Court must resolve whether the federal claim is "separate and independent " from the state law claims. 28 U.S.C. § 1441(c) provides as follows: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein."

In defining "separate and independent" the Sixth Circuit has regularly relied upon the Supreme Court's opinion in *American Fire & Casualty Company v. Finn*, 341 U.S. 6 (1951). See e.g. *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84 (6th Cir. 1977); *Broad, Vogt & Conant, Inc. v. Alsthom Automation, Inc.*, 186 F. Supp. 2d 787 (E.D. Mich. 2002); *Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1314 (E.D. Mich. 1994); *Morris v. Boucher*, 875 F.2d 866 (6th Cir. 1989). In *Finn*, the Supreme Court notes that part of Congress's purpose in adopting the

"separate and independent" test for removability under § 1441(c) was to limit removal of cases from state court. 341 U.S. at 9. Specifically, use of the word "independent" emphasizes "congressional intention to require a more complete disassociation between federally cognizable proceedings and those cognizable only in state courts before allowing removal." *Id* at 12. Therefore, when a plaintiff seeks to recover for a single injury arising from a series of interrelated events, he is not asserting a separate and independent claim under § 1441(c). *Broad, Vogt & Conant, Inc.*, 186 F. Supp. at 790 (citing *Finn*, 341 U.S. at 14.). Where multiple defendants are involved, "'[s]eparate and independent' is not whether the [removing] defendant...committed the same wrongful act against the plaintiff as was committed by the codefendants, but whether the plaintiff suffered a single wrong...to which all of the defendants contributed, albeit in different ways." *Morris*, 875 F.2d at *6. Where only a single wrong was suffered, and defendants contributed to this wrong, no separate and independent claim is asserted. *Id*.

The Sixth Circuit has consistently followed the 'single wrong' test. In *Padilla*, the Court found that even though the plaintiff's state law claims may differ in character from the federal law claims, removal pursuant to § 1441(c) is still inappropriate where the claims are "based on the same event [and/or] decisions or transactions very closely related to it." 867 F. Supp. at 1313. The complaint in *Padilla* set forth 25 common allegations which laid out the relevant facts, but the plaintiff asserted only one injury: loss of her decedent husband. *Id*. Referencing the complaint, the Court held that this "single injury" arose from a series of interrelated events or transactions which were not sufficiently unrelated to qualify as "separate and independent" according to the *Finn* standard. *Id* at 1314.

Similarly, in *Union Planters*, the plaintiff Bank brought state and federal law claims against multiple defendants in an effort to recover money from defaulted loans. 557 F.2d 84. Defendant CBS argued that because the counts against the defendants were based on different legal theories (sounding in contract and in tort) they should be considered separate and independent under § 1441(c). *Id* at 89. The Court refuted this reasoning, reiterating that "[m]ultiple theories of recovery do not necessarily mean multiple causes of action where there is but one wrong." *Id* at 89 (internal citations omitted).

The Court went on to reject CBS's argument that because the claims against the various defendants were based upon different events and transactions[1] they should be deemed separate and independent. "Where a plaintiff seeks to recover for a single injury arising from a series of interrelated events, and whether he sues several defendants jointly, severally, jointly and severally, or alternately, he is not asserting separate and independent claims under 1441(c)." *Union Planters*, 557 F.2d at 89 (citing *Finn*, 341 U.S. at 14). Correspondingly, in *Finn*, the facts giving rise to the potential liability involved separate insurance policies from separate defendants, but because they arose from an interlocked series of transactions, the Court held they were not separate and independent and the case was not removable. 341 U.S. 6.

As a general rule, removability is determined by the pleadings filed by the plaintiff. *Finn*, 341 U.S. at 14. "Doubts arising from defective, ambiguous and inartful pleadings should be resolved in favor of the retention of state court jurisdiction." *Union Planters*, 557 F.2d at 11 (quoting *Greenshields, v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.), *cert. denied*, 355

---

[1] I.e., The claims against CBS were based upon misrepresentation and fraud in connection with subordination agreements and interference with contract, while the claims against the remaining defendants were related to loan transactions.

U.S. 907 (1957).

In the instant action, Plaintiffs do not aver that the wrong they suffered is divisible on the basis of which Defendant was acting. Specifically, Plaintiffs assert that they suffered emotional trauma due to embarrassment, damage to their reputations, and the ridicule and scorn of their peers and members of their community. The Complaint also alleges monetary damages for the hiring of attorneys to defend Plaintiffs in expulsion hearings and juvenile court matters as well as expenses required in finding and paying for a new school. Although Plaintiffs' Complaint asserts at least two wrongs, none of these wrongs is alleged as the independent result of a single claim against any of the Defendants. Rather, the Complaint states generally that the injuries occurred "as a result of the actions of [D]efendants *individually, in concert or collectively.*"(Paragraphs 11-14, Complaint) (Emphasis added). Plaintiffs' Complaint indicates that the alleged events had a culminative effect which resulted in, essentially, a "single wrong."

Like *Padilla*, here the actions of the Richmond Heights Defendants are part of an "interlocked series of transactions" which are impossible to separate or to examine independently of one other. Each single action taken by the Defendants was both the result of prior action as well as the catalyst for further action. The alleged unconstitutional interrogation, which is the qualifying claim for federal jurisdiction, precipitated the subsequent events, i.e. alleged false confession, alleged reckless notification of the media, expulsion from school, and the filing of a criminal complaint. All of these events contributed jointly and indistinguishably to the wrongs alleged, therefore, no single claim can be regarded as separate and independent within the meaning of § 1441(c).

Absent the existence of a separate and independent federal claim, all Defendants must

either join in removal or give their written consent. Because School Defendants did not join in removal and do not otherwise consent, this action was improperly removed.

## Conclusion

For the reasons stated above, the School Defendants' Motion to Remand (ECF Document #4) is GRANTED. This action will be REMANDED to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *July 11, 2007*